IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| OLIVER KING HUGHES, Institutional ID No. 01929487, SID ID No. 08038068, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 1:21-CV-00069-BU |
| BRYAN COLLIER, *et al.*, | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF
<u>THE UNITED STATES MAGISTRATE JUDGE</u>**

Now before the Court is a Motion for a Preliminary Injunction filed by Plaintiff OLIVER KING HUGHES on April 2, 2021. Dkt. No. 1. Under the authority of 28 U.S.C. § 636(b) and an order of transfer, this case was transferred to the undersigned United States magistrate judge for further proceedings. Because Hughes has not consented to the exercise of jurisdiction by the undersigned, the undersigned is required to file Findings, Conclusions, and a Recommendation with respect to all dispositive matters, which includes motions for injunctive relief.

I.      DISCUSSION AND ANALYSIS

Hughes, proceeding pro se, is an inmate currently incarcerated by the Texas Department of Criminal Justice at the Robertson Unit and is alleging violations of his

constitutional rights by Defendants. Dkt. No. 1. Now before the Court is Hughes's Motion for Separation of Interested Parties. Dkt. No. 15. In the Motion, Hughes seeks injunctive relief ordering his transfer to another prison unit. *See id*.

To support his request, Hughes asserts new claims, alleging that Defendants are depriving him of mail access, aside from federal court correspondence, in addition to the ongoing constitutional violations asserted in his original complaint. *Id.* As proof, Hughes states that he received an invoice for a magazine which he has not received. *Id.* at 2; *see* Dkt. No. 15-1. Hughes also claims that Defendants are retaliating against him in violation of the Eighth Amendment and depriving him of due process under the Fourteenth Amendment. *Id.* at 2.

Additionally, Hughes alleges that prison guards are "killing prisoners" and references "suspicious deaths of inmates at this prison unit." *Id.* at 2. Hughes states that he is concerned for his well-being in the Robertson Unit while his lawsuit—which alleges conspiracy and retaliation from the prison guards named as defendants—is pending. *See id.* at 2-3. As a remedy, Hughes seeks an order transferring him out of Robertson Unit to a different prison during the "disposition of [his] litigation." *Id* at 3. The Court construes this as a request for preliminary injunctive relief.

"An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable injury." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir.

1976). A party seeking a preliminary injunction or temporary restraining order must prove four elements:

1. a substantial likelihood of success on the merits of his case;

2. a substantial threat that the plaintiff will suffer irreparable injury;

3. that the threatened injury outweighs any harm that the injunctive order might cause the defendant; and

4. that the injunction is in the public interest.

*Women's Med. Ctr. v. Bell*, 248 F.3d 411, 419 n.15 (5th Cir. 2001). Injunctive relief will be denied if the movant fails to prove any of these four elements. *Enterprise Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985). A federal court may issue a temporary restraining order without notice to the adverse party only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

In the prison context, courts should exercise great caution when considering injunctive relief. *Bell v. Wolfish*, 441 U.S. 520, 547-48, 562 (1979) (recognizing the wide-ranging deference given to prison administrators to maintain institutional security and warning courts against becoming "enmeshed in the minutiae of prison operations"). When a plaintiff requests injunctive relief that would require the court to interfere with the administration of a state prison, "appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief." *Rizzo v. Goode*,

423 U.S. 362, 379 (1976). Principles of equity militate heavily against granting injunctive relief except in the most extraordinary circumstances. *Id*. Further, a prisoner does not possess a constitutional right to housing in a particular unit. *Simms v. TDCJ*, No. 5:19-cv-228-BQ, 2019 WL 7865137, *2 (N.D. Tex. Nov. 15, 2019) (citing cases making the same point).

Hughes has not met the requirements for injunctive relief. He fails to state a rational basis for the injunctive relief he seeks, except to claim that his prison unit is "killing prisoners" and that in April 2021 there were three "suspicious deaths." Dkt. No. 15 at 2. Hughes does not pleaded specific facts from which this Court can conclude that he is in danger or has even been threatened, credibly or otherwise. Hughes's claims are baseless and conclusory. Hughes makes no effort to connect his underlying allegations of constitutional violations, similarly threadbare, to the injunctive relief he now seeks. Hughes has not shown a substantial likelihood of success on the merits of his claims. Next, Hughes fails to state any facts describing threatening or dangerous circumstances that would harm him irreparably. This void is especially noticeable because Hughes brings this request claiming future harm from the prison guard defendants. A baseless conclusion of harm, however, cannot satisfy this prong's requirement.

Additionally, Hughes has not shown any actual threatened injury that outweighs the harm an injunctive order might cause the Defendants or overcomes the deference owed to

prison administrators in operating a correctional facility. Finally, Hughes suggests no public interest that would be served by the issuance of the injunction.

## II.  CONCLUSION

For the above reasons, the undersigned RECOMMENDS that Hughes's Motion for a Preliminary Injunction be DENIED. The undersigned further RECOMMENDS that the United States District Judge transfer this case back to the undersigned after ruling on these Findings, Conclusions, and Recommendation so that the undersigned can continue the Court's preliminary judicial screening process.

It is ORDERED that this case be transferred back to the docket of the United States District Judge and designated as Civil Action No. 1:21-CV-00069-C.

## III.  RIGHT TO OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific or sufficient. Failure to file written objections will bar

the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except on grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    ORDERED this 20th day of September, 2021.

                                                        JOHN R. PARKER
                                                        UNITED STATES MAGISTRATE JUDGE